UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>EDWARD SMITH,<br><br>Defendant. | 14 Cr. 813 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

By Opinion and Order dated April 8, 2022, this Court denied the *pro se* motion of Edward Smith to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and granted in part his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Dkt. #92).[1]  *See United States* v. *Smith*, No. 14 Cr. 813 (KPF), 2022 WL 1063170 (S.D.N.Y. Apr. 8, 2022).  In a *pro se* submission dated April 15, 2022, and docketed by the Court on May 2, 2022, Mr. Smith moved for reconsideration of that portion of the Court's decision granting in part his compassionate release application, citing continued concerns about the COVID-19 pandemic, as well as family obligations, as justifications for his immediate release.  (Dkt. #93).  For the reasons set forth in the remainder of this Order, the Court denies Mr. Smith's motion for reconsideration.

---

[1]  Except where otherwise indicated, the Court cites to the parties' submissions by their docket entry number and will use the page numbers assigned by this Court's electronic case filing ("ECF") system.

**APPLICABLE LAW**

A.  **Motions for Reconsideration**

"Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule 49.1(d) permits such motions and provides that [the moving party] should set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." *United States* v. *Parrilla*, No. 13 Cr. 360 (AJN), 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014) (internal quotation marks and brackets omitted) (alteration added); *see also* Local Civil Rule 6.3 (civil analogue).  Mr. Smith's motion for reconsideration was filed with respect to his compassionate release application in the criminal case, and is thus governed by Local Criminal Rule 49.1(d).[2]

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)).  To obtain reconsideration, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be

---

[2]   *See generally United States* v. *Bright*, No. 18 Cr. 56-1 (KPF), 2021 WL 4084391, at *1 n.1 (S.D.N.Y. Sept. 8, 2021):

> Before the enactment of Local Criminal Rule 49.1(d), courts in the Southern and Eastern Districts of New York traditionally used Local Civil Rule 6.3.... *See generally United States* v. *Carollo*, No. 10 Cr. 654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ("Although neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3."). Because Criminal Local Rule 49.1(d) is of comparatively recent vintage, the Court cites to cases decided under both Local Rules.

2

expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord United States* v. *Gomez,* No. 21-2429, 2022 WL 7772745, at *2 (2d Cir. Oct. 14, 2022); *Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). "This standard is exigent because 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Tears* v. *Bos. Sci. Corp.*, No. 17 Civ. 9793 (AJN), 2019 WL 2866847, at *1 (S.D.N.Y. July 3, 2019) (citing *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2001)). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord United States* v. *Gomez,* No. 21-2429, 2022 WL 7772745, at *2 (2d Cir. Oct. 14, 2022); *Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). "This standard is exigent because 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Tears* v. *Bos. Sci. Corp.*, No. 17 Civ. 9793 (AJN), 2019 WL 2866847, at *1 (S.D.N.Y. July 3, 2019) (citing *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2001)).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## B. Motions for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i)

As discussed in greater detail in the Court's prior opinion, a court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) only if it finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see generally United States* v. *Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("Thus, extraordinary and compelling reasons are necessary — but not sufficient — for a defendant to obtain relief under § 3582(c)(1)(A). As we have just noted, a district court must also consider 'the factors set forth in section 3553(a)' before granting relief." (citing 18 U.S.C. § 3582(c)(1)(A)); *accord United States* v. *Halvon*, 26 F.4th 566, 570 (2d Cir. 2022); *United States* v. *Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). The court's discretion includes both the power to reduce, and the power to eliminate, the remaining term of a defendant's sentence. *See United States* v. *Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction." *United States* v. *Ebbers*, No. 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (citing *United States* v. *Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

## DISCUSSION

Reiterating arguments made in his original motion papers, Mr. Smith focuses on the COVID-19 pandemic and the possibility that, because of his pre-existing medical conditions (in particular, his asthma), he would have a more severe reaction if he contracted the virus. To begin, Mr. Smith quibbles

4

with the Court's determination that he had not demonstrated that his asthma was "moderate or severe," which is the standard adopted by the Centers for Disease Control and Prevention (the "CDC") in evaluating an individual's chances of contracting severe illness from the COVID-19 virus. *Compare Smith*, 2022 WL 1063170, at \*10, *with* Dkt. #93 at 2-3. However, Mr. Smith's most recent medical records do not bear out his current claims of moderate to severe asthma, with clinicians noting in September 2022 that his asthma was under control, and that he had no history of either hospitalization or intubation. (2022 Medical Records). The Court also observes that today, as in April 2002, the CDC identifies individuals with "moderate to severe" asthma as those at risk. *See also* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Nov. 16, 2022) ("Having a chronic lung disease can make you more likely to get very sick from COVID-19. Chronic lung diseases can include: … Asthma, if it's moderate to severe.").

Relatedly, the Court does not accept Mr. Smith's refusal to obtain the COVID-19 vaccine as an extraordinary circumstance warranting immediate release. (*See* Dkt. #93 at 3 (Mr. Smith explaining why he has refused vaccination)). *See generally United States* v. *Felipe*, No. 18 Cr. 744-2 (KPF), 2022 WL 36832, at \*4 (S.D.N.Y. Jan. 3, 2022) (collecting cases where district courts have denied compassionate release requests made by movants who have declined to receive the COVID-19 vaccine). And the Court takes notice of the Bureau of Prisons' ("BOP") report that United States Penitentiary ("USP")

5

Beaumont, where Mr. Smith is currently incarcerated, currently has no cases of COVID-19 among inmates or staff. *See* Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed Nov. 16, 2022). Accordingly, Mr. Smith has not identified any facts or law the Court overlooked in assessing his health-related claims for compassionate release.

Separately, Mr. Smith notes that the passing of his father has caused emotional trauma and physical incapacitation to his mother, and that he is therefore needed to serve as her primary caregiver. (Dkt. #93 at 2, 4-5). However, the possibility of Mr. Smith caring for his mother was presented previously in Mr. Smith's counseled submission for compassionate release (*see* Dkt. #80 (discussing plan to live with brother in the Bronx, who lives near Mr. Smith's mother)), and though it was not explicitly addressed by the Court, it was considered and found to be an inadequate basis for compassionate release. Courts have concluded in the compassionate release setting that "whether the medical condition of a defendant's family member justifies the defendant's release generally depends on whether other caretakers are available." *United States* v. *Guillen*, No. 18 Cr. 640 (RA), 2021 WL 77029, at *2 (S.D.N.Y. Jan. 7, 2021); *see also United States* v. *Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (noting that illness of a family member can rise to the level of an extraordinary and compelling reason for release if the defendant would be the only available caregiver). The Court understands that one or more other family members,

including Mr. Smith's brother, are able to care for Mr. Smith's mother and have done so during Mr. Smith's incarceration.

Finally, Mr. Smith returns to the basis that this Court found to be sufficient to warrant a six-month reduction in his prison term, namely, the fact that the conditions of his confinement during the COVID-19 pandemic have resulted in a sentence that was more severe than the Court contemplated when it originally sentenced Mr. Smith in October 2015. (*See, e.g.,* Dkt. #93 at 5-7). To the information initially presented to the Court, Mr. Smith adds that, for the period of time from October 2019 through August 2021, he was housed in a special housing unit, which, he describes as an "atypical and significant hardship" that resulted in substantial "mental anguish." (*Id.* at 6-7).

Mr. Smith, however, has omitted key details from this narrative. On October 14, 2019, while housed at USP Hazelton in Bruceton Mills, West Virginia, Mr. Smith assaulted another inmate with a mop handle to the point that the other inmate lost consciousness. (*See United States* v. *Smith*, No. 21 Cr. 11 (N.D.W. Va.), Dkt. #17 (Modified Presentence Report dated February 17, 2021)). Mr. Smith was moved to segregated housing while both disciplinary and criminal proceedings were initiated against him. On the disciplinary side, Mr. Smith received a loss of good time credits and a period of disciplinary segregation, among other sanctions. (Smith Disciplinary Records). On the criminal side, on February 22, 2021, Mr. Smith waived indictment and pleaded guilty to a one-count information filed in the United States District Court for the Northern District of West Virginia; the information charged him with

7

assault with a dangerous weapon and with the intent to cause bodily harm, in violation of Title 18, United States Code, Sections 7(3) and 113(a)(3). (*See United States* v. *Smith*, No. 21 Cr. 11 (N.D.W. Va.), Dkt. #1 (Information)). Mr. Smith pleaded guilty pursuant to a written plea agreement with the Government, and was sentenced that same day by Chief United States District Judge Thomas S. Kleeh to a term of 24 months' imprisonment, which term was ordered to run consecutively to the term of imprisonment imposed in the instant case. (*Id.*, Dkt. #15 (plea agreement), 18 (judgment)).

The Court has reviewed information from the Bureau of Prisons concerning the calculation of the terms remaining on Mr. Smith's two federal sentences. This information makes clear that the Court's prior six-month reduction in sentence has been implemented. Evaluating the relevant Section 3553(a) factors — particularly in light of the new and disturbing information concerning Mr. Smith's most recent federal conviction — the Court will not reduce his sentence in the instant case further. Further, the Court lacks the power to reduce the sentence imposed by Judge Kleeh, and would not reduce that sentence even if it had such power.

## CONCLUSION

For the reasons set forth in this Order, the Court DENIES Mr. Smith's motion for reconsideration. The Clerk of Court is directed to terminate the motion pending at docket entry 93, and to mail a copy of this Order to Mr. Smith at the following address:

> Edward Smith
> Register Number: 71588-054
> USP Beaumont
> U.S. Penitentiary
> P. O. Box 26030
> Beaumont, TX  77720

SO ORDERED.

Dated:     November 16, 2022
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge